(109 App. Div. 841)

## OATS v. NEW YORK DOCK CO.

(Supreme Court, Appellate Division, Second Department. December 29, 1905.)

NEGLIGENCE—INJURIES TO LICENSEE—DANGEROUS PREMISES.

Where a longshoreman, who was requested by a dock company's foreman to remain about the dock for employment in case a ship came in, knew of the defective condition of the dock, but was walking about on it when he was injured, the dock company was not liable for the injuries, since it owed him no active duty.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 42–44, 86, 87.]

Hirschberg, P. J., dissenting.

Appeal from Trial Term, Kings County.

Action by Michael Oats against the New York Dock Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

See 90 N. Y. Supp. 878.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

William O. Miles, for appellant.

H. Snowden Marshall, for respondent.

WOODWARD, J. The plaintiff, a longshoreman, brings this action to recover damages for personal injuries sustained by him through the falling of a heavy warehouse door upon defendant's dock. Upon the trial the plaintiff testified that he was a longshoreman; that he was not employed by the defendant upon the day of the accident, but that he had been requested by the defendant's foreman to remain about the dock, that he might be available in the event of a ship or canal boat coming in to discharge a cargo or to receive one. This appears to have been the general custom; those having preference in employment who

were there when there was work to be done.    The dock extended out
into the river a distance of 300 or 400 feet, was in a dilapidated condi-
tion, which fact was fully known to the plaintiff, who had been around
there for 25 years, and at the time of the accident the plaintiff was walk-
ing along the dock—walking back and forth to keep warm—at a
distance of about 300 feet from the point where he came upon the dock.
There does not appear to have been any invitation on the part of the
defendant, either expressed or implied, that the plaintiff should walk
along this dock at this point.    He was serving no possible purpose
of the defendant in being there, except that he was waiting in the vi-
cinity for a job to develop, and we fail to discover that the defendant
owed this plaintiff any other duty than to refrain from setting traps
or wantonly exposing him to injury.    He may not have been a tres-
passer, but he occupied no nearer relation than that of a licensee, and
under such circumstances the defendant owes no active duty.    The
plaintiff knew of the condition of the dock, knew that the warehouse
doors had fallen, that they were in a dangerous condition; and if he
chose to walk up and down the dock, when the rising tide and a high
wind favored a repetition of the accidents which had occurred so often
that he was familiar with them, it is not clear how the defendant could
be liable to him for the damages he may have sustained.    The defend-
ant did not owe him the duty of keeping this door securely in its place,
unless he was employed by the defendant, or it had induced him to
occupy the position, and before the defendant could be liable in any
event it was his duty to show freedom from contributory negligence.
The facts to which he himself testifies show that he knew of the dan-
ger; that he knew the tide was high, overflowing the dock in places, that
the wind was blowing strongly, and that all of the conditions were fav-
orable to an accident upon this dilapidated dock; yet he chose to walk
up and down in front of these doors, 300 feet from the entrance to
the dock.    Clearly the defendant was not liable to a mere licensee un-
der these circumstances, and the learned trial justice properly dismissed
the complaint upon defendant's motion.

The judgment appealed from should be affirmed, with costs.    All
concur, except HIRSCHBERG, P. J., who dissents.